```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                      EASTERN DIVISION
```

HEATHER M. ALLMON,            )
                              )
         Plaintiff,           )
                              )
    v.                        )      No. 4:09 CV 1151 DDN
                              )
WALGREEN COMPANY,             )
                              )
         Defendant.           )

## MEMORANDUM AND ORDER

This action is before the court on the motions of defendant Walgreen Company to strike (Doc. 10) and to dismiss (Doc. 17), and the motion of plaintiff Heather M. Allmon for leave to enter the Pharmacy Liability Provision into the record (Doc. 28). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 16.)

## I.  BACKGROUND

On July 21, 2009, plaintiff Heather Allmon commenced this action, pro se, against Walgreen Company (Walgreen). In her complaint, she alleges the pharmacy switched her medication with that of another customer on February 17, 1995, when she was only five years old. (Doc. 1 at 4.) Instead of receiving Amoxicillin for her cold, Allmon alleges she received a high dosage of prescription Albuterol. (Id. at 6-7.) Allmon attributes a host of medical problems to having unwittingly taken the Albuterol, including extreme weight loss, stunted growth, menstrual problems, ovarian cysts, and diabetes. (Id. at 7-9.)

## II.  MOTION TO DISMISS

Walgreen moves to dismiss the complaint. (Doc. 17.) The company argues that in any pharmacy negligence action, Missouri law requires the plaintiff to file an affidavit of support by a legally qualified health care provider - even if the action is based on res ipsa loquitor. Walgreen argues that Allmon has not complied with this requirement, and

that the time for filing such an affidavit has passed. Accordingly, it argues that the case must be dismissed. (Docs. 18, 22.)

In response, Allmon argues that no expert testimony is needed to prove Walgreen was negligent. She argues that the record already contains clear evidence of Walgreen's negligence, and that this negligence would be obvious to any layperson, invoking the doctrine of res ipsa loquitur. (Docs. 20, 23, 26.)

**Subject Matter Jurisdiction**

Before ruling any motion, a federal court must assure itself that it has subject matter jurisdiction over the case. Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). The necessity of this inquiry "is inflexible and without exception," and stems "from the nature and limits of the judicial power of the United States. . . ." Id. at 382. As a result, a federal court may raise the issue of subject matter jurisdiction on its own motion, at any time. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995.)

In her civil cover sheet, Allmon notes that she resides in St. Louis County, and that she is suing Walgreen Co. of Deerfield, Illinois. She indicates that the nature of the suit is one for "Personal Injury – Med. Malpractice." She also writes that the cause of action arises under tort law. She does not, however, check any of the boxes under the heading "BASIS OF JURISDICTION." She also does not indicate the citizenship of the parties. In her request, she demands "$20,000 or maximum." (Doc. 1, Civil Cover Sheet.) In her complaint, she writes that is she seeking $20,000, or the "greatest award amount allowed under the law." (Doc. 1 at 5.)

Looking to the civil cover sheet and Allmon's allegations, only diversity jurisdiction would provide the court with subject matter jurisdiction over the claims in this case. See 28 U.S.C. § 1332(a). To satisfy diversity jurisdiction, the parties must be citizens of different states, and the amount in controversy must exceed the sum or value of $75,000. Id. At this point, it is unclear whether Allmon has satisfied either of these two conditions. See Jones v. Gale, 470 F.3d 1261, 1265 (8th Cir. 2006) (noting that the plaintiff bears the burden

of establishing subject matter jurisdiction). Accordingly, the court will hold a hearing on April 2, 2010, at 10:00 a.m., to determine whether Allmon has satisfied the requirements of 28 U.S.C. § 1332(a). The motion to dismiss is deferred.

### III. MOTION TO STRIKE

In her complaint, Allmon alleges that Walgreen has reached settlements with several states and the United States over charges of improper billing. (Doc. 1 at 7.) She also alleges that Walgreen's Claims Management Service Company, Sedgwick, offered to settle her claim for $3,000. (Id. at 8.) Walgreen moves to strike these statements from the complaint. (Doc. 10.) The company argues that settlements and settlement negotiations are inadmissible under Federal Rule of Evidence 408, and irrelevant to the case at hand. (Doc. 11.)

For the reasons stated above, this motion is deferred until the court is satisfied that it possesses subject matter jurisdiction.

### IV. MOTION FOR LEAVE TO SUPPLEMENT

Allmon moves for leave to enter into the record of this action documentation setting out Missouri statutory law regarding pharmacy liability. (Doc. 28.) Again, this motion is deferred until the court is satisfied that it possesses subject matter jurisdiction.

### V. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the parties shall appear before the court on Friday, April 2, 2010, at 10:00 a.m., to determine whether Allmon has satisfied the requirements of diversity of citizenship subject matter jurisdiction under 28 U.S.C. § 1332(a).

**IT IS FURTHER ORDERED** that all pending motions are deferred until the court is satisfied that it possesses subject matter jurisdiction over the case.

                                            /S/   David D. Noce
                                            **UNITED STATES MAGISTRATE JUDGE**

Signed on March 18, 2010.