```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION


HEATHER M. ALLMON,              )
                                )
          Plaintiff,            )
                                )
     v.                         )     No. 4:09 CV 1151 DDN
                                )
WALGREENS COMPANY,              )
                                )
          Defendant.            )
```

**MEMORANDUM AND ORDER**

This action is before the court on the motions of defendant Walgreens Company to strike (Doc. 10) and to dismiss (Doc. 17), and the motion of plaintiff Heather M. Allmon for leave to enter the Pharmacy Liability Provision into the record (Doc. 28). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 16.)

As previously ordered, a hearing was held on April 2, 2010. At the hearing, plaintiff Heather M. Allmon appeared pro se with her mother. Defendant Walgreens Co. appeared by attorney Brenda Hamilton. The court previously on its own motion determined to hold the pending motions in abeyance until it was satisfied that it had subject matter jurisdiction.

**I. BACKGROUND**

On July 21, 2009, plaintiff Heather Allmon commenced this action, pro se, against Walgreens Company (Walgreens). In her complaint, she alleges the pharmacy switched her medication with that of another customer on February 17, 1995, when she was only five years old. (Doc. 1 at 4.) Instead of receiving Amoxicillin for her cold, Allmon alleges she received a high dosage of prescription Albuterol. (Id. at 6-7.) Allmon attributes a host of medical problems to having unwittingly taken the Albuterol, including extreme weight loss, stunted growth, menstrual problems, ovarian cysts, and diabetes. (Id. at 7-9.)

**II. SUBJECT MATTER JURISDICTION EXISTS**

Plaintiff Allmon alleges negligence on the part of defendant Walgreens in the filling of a prescription medication prescribed for her by her physician. To the court's understanding of plaintiff's allegations, subject matter jurisdiction would exist under 28 U.S.C. § 1332, because of the diverse citizenship of the parties and the amount in controversy. Plaintiff alleges that she resides in Maryland Heights, Missouri, and that defendant is a citizen of Deerfield, Illinois. It is undisputed that there is complete diversity of citizenship.

Plaintiff has alleged that she is seeking $20,000 or the most she can recover under the law. From these allegations made by plaintiff in this action and from the statements made by her during the pendency of this action, it appears that plaintiff is seeking more than $75,000. When it is the plaintiff who is the proponent of diversity jurisdiction, as here, "the amount in controversy controls unless the defendant can establish to a legal certainty that the claim is for less than the jurisdictional minimum." Bell v. The Hershey Company, 557 F.3d 953, 956 (8th Cir. 2009). In this case, defendant does not dispute that the amount in controversy between the parties exceeds $75,000. Therefore, the court has subject matter jurisdiction over the action.

### III. APPOINTMENT OF COUNSEL FOR PLAINTIFF

Plaintiff Heather M. Allmon is now 20 years of age. Her allegations indicate that her claim arose when she was 5 years of age. Her mother, Ms. Anger Adams, accompanied plaintiff to the hearing on April 2, 2010, and advised the court that she had tried on several occasions to retain counsel for her daughter. She received positive feedback from attorneys, but none was willing to take her case.

When plaintiff commenced this action, she filed a financial affidavit that indicated a financial inability to pay the filing fee. The action was commenced in forma pauperis. The court finds that plaintiff is financially unable to retain counsel. 28 U.S.C. § 1915(e)(1).

The court finds and concludes that the ends of justice require that the court appoint counsel to represent plaintiff. Counsel for defendant does not object to this. Therefore, the court hereby appoints attorney

James Holloran, Esq., to represent plaintiff heather M. Allmon under 28 U.S.C. § 1915(e) and the inherent authority of the court.

For the reasons stated above,

**IT IS HEREBY ORDERED** that James Holloran, Esq., 2000 South Eighth St., St. Louis, Missouri 63104, is appointed to represent plaintiff in this action under 28 U.S.C. § 1915(e) and the inherent authority of the court. <u>See</u> E.D.Mo. Local Rule 12.03 Attorney Admission Fee Non-Appropriated Fund and the regulations adopted by the court thereunder.

**IT IS FURTHER ORDERED** that plaintiff's counsel shall have until not later than May 7, 2010 to file a supplemental memorandum regarding the pending matters. Counsel for defendant shall have 14 days thereafter to file a response.

<u>  /S/   David D. Noce  </u>
**UNITED STATES MAGISTRATE JUDGE**

Signed on April 5, 2010.